# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: <br><br> IN RE FARMERS GRAIN, LLC, <br><br>    Debtor. | Case No. 17-00450-TLM |
| NOAH G. HILLEN, Trustee, <br><br>    Plaintiff, <br><br> v. <br><br> DAVID R. UNRUH TRUST and DAVID R. UNRUH as TRUSTEE, <br><br>    Defendants. | Adv. No. 19-06029-TLM |

## MEMORANDUM OF DECISION

Before this Court is the motion of Defendants, David R. Unruh Trust and David R. Unruh, for a jury trial in this adversary proceeding. The Court determines that the motion will be denied, and it will enter an order accordingly.

On April 9, 2019, chapter 7 trustee, Noah G. Hillen ("Plaintiff"), filed his complaint seeking recovery under §§ 547(b) and 550(a)[1] of $300,000 transferred

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532, Rule citations are to the Federal Rules of Bankruptcy Procedure, and Civil Rule Citations are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

prepetition by Farmer's Grain, Inc. ("Debtor"), to Defendants. Doc. No. 1 at 2. Defendants did not file an answer to this complaint within 30 days. On June 20, 2019, after Plaintiff filed his "Notice of Intent to take Default," Doc. No. 7, Defendants filed an answer to the complaint denying most of the allegations set forth therein and expressly withholding consent to this Court's entry of final judgment. Doc. No. 8. Defendants did not demand a jury trial in their answer. *See generally id*.

On August 7, 2019, Plaintiff filed his "Notice of Consent to Final Judgment" pursuant to Rule 7008. Doc. No. 13. This notice did not address any allegations made in the complaint, nor did it allege any new causes of action against Defendants. On August 20, 2019, Defendants filed their "Motion and Memorandum to Withdraw the Reference," Doc. No. 16, and "Motion and Memorandum in Support of Demand for Trial by Jury," Doc. No. 17 ("Motion for Jury Trial"). The United States District Court for the District of Idaho ("District Court") considered both motions, but granted only the motion for withdrawal of reference. *Hillen v. David R. Unruh Trust*, 19-mc-10549-BLW, Doc. No. 5 at 5. The District Court declined to immediately withdraw the reference, ordering this Court to preside over all pretrial matters in this case—including the Motion for Jury Trial—until the matter is ready to proceed to trial. *Id*.

**ANALYSIS**

    A.    **Authority to Issue Pretrial Order**

Though Defendants do not consent to the entry of final orders in this proceeding and have successfully requested the withdrawal of the District Court's reference under 28 U.S.C. § 157(d), Defendants' Motion for Jury Trial, Doc. No. 17, remains in this Court

MEMORANDUM OF DECISION - 2

pursuant to the District Court's order. *See Hillen v. David R. Unruh Trust*, 19-mc-10549-BLW, Doc. No. 5 at 5, ¶ 2. Pursuant to that order, this Court will "preside over all pretrial matters in this case, including discovery and pretrial conferences and will resolve routine and dispositive motions. If either party files a dispositive motion, [this C]ourt will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to [the District] Court." *Id.*, ¶ 3. A "dispositive motion" is "a motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings; specif., a motion that, if granted, results in a judgment on the case as a whole[.]" BLACK'S LAW DICTIONARY 1216 (11th ed. 2019).

In considering a demand for jury trial, this Court is not asked to render judgment on the case as a whole. Rather, this Court is merely asked to decide a pretrial matter. And, per the District Court's order, such motion does not require this Court to submit proposed findings of fact, conclusions of law, and a recommendation for disposition to the District Court. Therefore, in accordance with the District Court's order and the reference therein respecting Defendants' Motion for Jury Trial, this Court issues this Decision, and a related order, resolving the Motion for Jury Trial.[2]

---

[2] To the extent this Court is deemed by the District Court to lack authority to issue an order on the Motion for Jury Trial, the District Court may consider this Decision as the Court's proposed findings of fact, conclusions of law, and recommendation for disposition. *Williford v. Funderburk (In re Williford)*, 222 Fed. App'x 843, 844 (11th Cir. 2007); *Tibble v. Wells Fargo Bank, N.A. (In re Hudson)*, 455 B.R. 648, 657 (Bankr. W.D. Mich. 2011); *Retired Partners of Coudert Bros. Trust v. Baker & McKenzie LLP (In re Coudert Bros. LLP)*, 2011 WL 5593147, *13 (S.D.N.Y. Sep. 23, 2011).

MEMORANDUM OF DECISION - 3

B.   **The Motion is Untimely**

Civil Rules 38 and 39 are incorporated by Rule 9015(a) and by such incorporation provide the procedure for jury trials.[3]  Civil Rule 38 provides:

(b)   Demand.  On any issue triable of right by a jury, a party may demand a jury trial by:

(1)   serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served . . .

. . .

(d)   Waiver; Withdrawal**.**  A party waives a jury trial unless its demand is properly served and filed.

Here, Defendants assert that Plaintiff's "Notice of Consent to Final Judgment," Doc. No. 12, is the applicable "last pleading."  Doc. No. 17 at 3.  Defendants are incorrect.

Civil Rule 7(a), as incorporated by Rule 7007, defines "pleading" as:

(1) a complaint;

(2) an answer to a complaint;

(3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;

(5) a third-party complaint;

(6) an answer to a third-party complaint; and

(7) if the court orders one, a reply to an answer.

---

[3] Even though this adversary proceeding will be heard in the District Court rather than the Bankruptcy Court, the Federal Rules of Bankruptcy Procedure apply.  *See* Civil Rule 81(a)(2); Rule 1001 and advisory committee notes to 1987 amendment.

MEMORANDUM OF DECISION - 4

*See also McCarthy v. Bronson*, 906 F.2d 835, 840 (9th Cir. 1990); *Webb v. White (In re White)*, 222 B.R. 831, 833 (Bankr. W.D. Tenn. 1998).  The notice is not a complaint, answer to a complaint, or any other pleading enumerated in Civil Rule 7(a).  The last pleading directed to an issue in this case is Defendants' answer, Doc. No. 8.  Defendants filed their answer on June 20, 2019.  Pursuant to Civil Rule 38(b)(1), a demand for a jury trial must have been served no later than July 5, 2019.[4]  Additionally, during the pretrial conference, and as reflected by the Pretrial Order, Doc. No. 15, Defendants acknowledged the pleadings were settled.

Therefore, the Court concludes Defendants' Motion for a Jury Trial is untimely as it was not filed until August 20, 2019, and consequently Defendants waived their right to a jury trial.

### C.   No Relief is Warranted Under Civil Rule 39(b)

Despite Defendants' waiver of their right to a jury trial, Defendants argue the Court has discretion to order a jury trial.  Doc. No. 17 at 3–6.  "Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court *may*, on motion, order a jury trial on any issue for which a jury might have been demanded."  Civil Rule 39(b) (emphasis added).[5]

---

[4] Fourteen days from June 20, 2019, was July 4, 2019, a federal holiday.  Thus, the deadline to demand a jury trial fell on the following day, July 5, 2019.  Rule 9006(a)(1)(C).

[5] The District Court also advised the parties of the potential for relief under Rule 9006(b), which allows the Court "for cause shown at any time in its discretion . . . *on motion made* after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect."  Rule 9006(b)(1) (emphasis added).  Here, such relief is unavailable because Defendants have neither moved for relief under Rule 9006(b) nor shown excusable neglect.

MEMORANDUM OF DECISION - 5

> In the Ninth Circuit, Civil Rule 39(b) is read narrowly:
>
>> The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one. [Civil Rule] 39(b). That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.
>
> *Lewis v. Time Inc.,* 710 F.2d 549, 556–57 (9th Cir. 1983); *see also Chandler Supply Co. v. GAF Corp.,* 650 F.2d 983, 987–88 (9th Cir. 1980).
>
> An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. *See Mardesich v. Marciel,* 538 F.2d 848, 849 (9th Cir. 1976); *see also Russ v. Standard Ins. Co.,* 120 F.3d 988, 989–90 (9th Cir. 1997) (holding that the district court could not employ another rule to circumvent this circuit's prohibition on granting untimely jury demands due to inadvertence); *Kletzelman v. Capistrano Unified Sch. Dist.,* 91 F.3d 68, 71 (9th Cir. 1996) (denying untimely jury demand when due to counsel's oversight and inadvertence); *Wall v. Nat'l R.R. Passenger Corp.,* 718 F.2d 906, 910 (9th Cir. 1983) (holding district court's denial of untimely jury demand not an abuse of discretion where counsel's inadvertence was the only reason shown).
>
> *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir.

2001). Further, "A good faith mistake of law is no different than inadvertence or oversight. Therefore, an untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand." *Id.* at 1003.

Here, Defendants make four arguments as to why this Court should order a jury trial under Civil Rule 39(b). *See* Doc. No. 17 at 3–6. These arguments merely focus on the suitability of the type of claims for decision by jury and an alleged lack of prejudice to the Plaintiff. Defendants do not provide any explanation that would establish cause beyond mere inadvertence of counsel. *See generally id.* Therefore, this Court declines to

MEMORANDUM OF DECISION - 6

exercise its discretion under Civil Rule 39(b) and denies Defendants' request for a jury trial thereunder.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for a Jury Trial will be denied. The Court will enter an appropriate order.

DATED:  December 10, 2019



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7